## 12,821.

STATE OF LOUISIANA EX REL. AUGUSTUS C. FOWLER VS. EMILE ROST, JUDGE, ET AL.

Parties disregarding orders of injunction do so at their peril and subject themselves to punishment for contempt, unless they establish that the act enjoined was one which it was beyond the power of the court to restrain.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

---

*A. E. Billings, H. N. Gautier* and *Ambrose Smith* for Relator.

---

*Ernest T. Florance* for Respondent.

---

Submitted on briefs April 27, 1898.
Opinion handed down May 30, 1898.
Rehearing refused June 28, 1898.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Relator averred that in the suit of the Allopathic State Board of Medical Examiners vs. Augustus C. Fowler, in the

District Court for the parish of Jefferson, a preliminary writ of injunction was issued by the judge of said court, prohibiting and restraining him from practising medicine in any of its departments in the State of Louisiana, until he should have first obtained the certificate prescribed under the provisions of Act No. 49 of 1894; that subsequently, upon the trial of said cause, and in pursuance of the provisions of that act and Act No. 13 of 1896, being an act amendatory of said Act No. 49, final judgment was rendered in favor of the plaintiffs and against relator, making said writ of injunction perpetual, and thereby prohibiting and restraining relator from the further pursuit of his profession in practising medicine in any of its departments until and unless relator had complied with all of the provisions of said statutes; that from said final judgment relator sued out a suspensive appeal to the Supreme Court, where same was pending and undetermined; that under said appeal relator had attacked said judgment for nullity, based on the alleged unconstitutionality of said statutes upon which said judgment was predicated and under which same was rendered, and said judgment was issued.

That subsequently, on the 4th of April, 1898, the plaintiff in said cause instituted proceedings in said District Court, praying to have relator punished for the contempt of the authority and orders of said court by reason of alleged violation by relator of said writ of injunction, and in return and answer thereto relator filed an exception to the jurisdiction of said court to try and determine the issues thereby raised, on the ground of the unconstitutionality of said acts of 1894 and No. 13 of 1896, same having been enacted in violation of Arts. 35 and 37 of the State Constitution, as fully and specifically set forth in said exceptions; that said exceptions were overruled by the court on April 21, 1898, which then and there ordered relator to appear before said court on April 23, 1898, in order that the penalty might be inflicted upon him as punishment for such alleged violation of the authority and order of the court.

That said court was not competent to decide the issues involved in said contempt proceedings, and in deciding same usurped authority and transcended its lawful power and jurisdiction; that said judgment of said court was not subject to review by appeal, and that relator was without adequate legal remedy for the irreparable injury thereby inflicted upon him save through the exercise of the supervisory control over inferior courts.

He prayed in the premises for writs of *certiorari* and prohibition, and that they might be made perpetual and judgment rendered, decreeing said contempt proceedings null and void.

The District Judge having been ordered to send up the record in the matters referred to, to the end that their validity might be examined into and to show cause why his action therein should not be decreed null and void, and why further action in the premises should not be prohibited, answered, annexing to his answer the record called for. For answer he averred that as appeared from the record a writ of injunction issued from the District Court for Jefferson parish on respondent's order on the 16th of January, 1897, forbidding relator from practising medicine in the State of Louisiana. That proceedings were filed in that court, charging relator with a violation of said injunction; that upon trial thereof respondent found him guilty of violating said writ. That under the Constitution and laws of the State he had authority to issue writs of injunction and, therefore, the issuing of the writ was within his jurisdiction, and being so he had power to punish for contempt of court resulting from said violation. That the correctness or incorrectness of his judgment in issuing said writ could not be inquired into in a proceeding for contempt, but could be reversed only on appeal from the judgment granting the writ. That the question of the constitutionality of Act No. No. 49 of 1894, which was urged as affecting the jurisdiction of the court, was not a jurisdictional question for this, that said act could not grant or take away any of the jurisdiction of the court, the same being defined by the Constitution. That as he possessed the jurisdiction to issue a writ of injunction for a civil cause, the question as to whether he exercised the jurisdiction properly in the given case could not be raised collaterally.

### OPINION.

When the orders given in this case were granted we understood from relator's pleadings that the acts which were set up as those constituting a contempt of court had been committed after the District Court had itself granted relator a suspensive appeal from the judgment perpetuating the injunction. We understood him to contend that whether the court was warranted in permitting such an appeal or not, so long as the order remained unrevoked it stood as a protection from any adverse action on the part of the

court granting it, under the maxim at least of "*actus curiæ non gravabit.*" That indepeudently, however, of this maxim, the order of appeal had withdrawn the case from the further jurisdiction of the District Court. We have ascertained from the return made and the briefs filed and arguments made that the acts referred to. took place in the interval between the issuing of the preliminary injunction and the trial of the case on its merits, and that the claim made on the part of relator is not that the granting of a suspensive appeal had any bearing in the case, but that he relied upon his being able to establish his charge that the law on which the injunction was based was unconstitutional, and that in view of such unconstitutionality he was justified in violating the injunction pending litigation touching that question.

In support of this position he relies upon *State ex. rel. Llversey, 34 An. 741.*

We do not propose to enter into any extended discussion of the circumstances under which parties would be justified in disregarding the injunctions of courts. It suffices to say that they must be very exceptional in character and that persons so taking the law into their own hands do so at their peril. One material difference between the Liversey case and this one is that in the former this court was of opinion that the act enjoined was one which it was beyond the power of the court to restrain, while in the case at bar we have recently decided that the act prohibited was one which was subject to legal regulation and had come under legal regulation by an express special law. Under this state of facts the District Court had full authority to rule relator into court for contempt and to deal with the case as its facts justified. The correctness of its conclusions on that subject are not before us in the present proceeding.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the orders which have been granted by this court herein be and the same are hereby set aside and relator's application be and the same is hereby denied.