Statement of tbe Case.
MONROE, J.
Plaintiff, a resident and property taxpayer of tbe city of Lafayette, appearing in person, enjoined tbe mayor from entering into a certain contract on the grounds that the ordinance purporting to authorize it is illegal and void; and he has appealed from an adverse judgment. He alleges, in substance, that on December 1, 1911, the city council adopted an ordinance authorizing the mayor, without advertising for bids or letting the contract to the lowest bidder, to enter into a contract with the Busch Sulzer Bros.-Diesel Engine Company, Incorporated, for the purchase and installation of two engines, and the improvement, repair, and remodeling of the municipal water and light plant; that, for the purposes stated, the ordinance appropriates $41,900 out of the revenues from 1911 to 1930, inclusive, with interest, at 5 per cent, per annum, payable semiannually, and the farther sum of $2,095 per annum, or so much thereof as may be necessary, to meet said interest; that said ordinance provides that said appropriations are to be paid from the revenues of the several years after first paying all statutory charges, all charges for services rendered annually under time contracts, and all necessary and usual charges provided for by ordinance or resolution; that it further provides that said appropriations shall be authenticated and evidenced by certificates dated December 4, 1911, and made payable on December 4th of the years from 1912 to 1931,. respectively, said certificates to bear interest at the rate of 5 per cent, per- annum, payable semiannually, and to be issued in denominations of $2,095, to represent the yearly appropriation of that amount, to be made and provided for by the ordinance; that it further provides that 75 per cent, of the net revenues of said municipal water and light plant during the years mentioned shall be dedicated to the payment of the cost of said improvement and repairs.
He alleges that said ordinance is void and the proposed contract unauthorized for the reasons:
(1) The ordinance fails to provide that the contract shall be let, after advertisement, to the lowest responsible bidder.
(2) That the contract would be in contravention of the provisions of Act 128 of 1910, to the effect that no such contract shall run longer than 10 years.
(3) The attempt by the ordinance to dedicate 75 per cent, of the revenues for 20 years of the water and light plant to the payment of the certificates therein provided for is unwarranted by law.
He further alleges that, if said ordinance and contract are thought to. be authorized by Act 270 of 1910, then, that said act contravenes articles 31 and 32 of the Constitution, in that it fails to express in its title that its object was to amend and re-enact section 2 of Act 30 of 1877 (Extra Session), as amended by Act 32 of 1902, as amended by Act 128 of 1910.
He prays that the mayor be perpetually-enjoined from entering into the proposed •contract, that the ordinance purporting to. authorize it be decreed null, and that Act 270 of 1910 be decreed unconstitutional.
A preliminary injunction was issued, as prayed for, after which the city of Lafayette answered, affirming the validity of the ordinance in question and the proposed contract, and alleging that Act 128 of 1910, having been promulgated after the adoption and approval of Act 270 of 1910, had no effect at the time of the adoption of said Act No. 270 *1067 of 1910, and has “never had any effect under the provisions of article 42 of the Constitution.”
Opinion.
“It is admitted that Act No. 128 of * * * 1910, being an act to amend and re-enact section. 2 of Act No. 32 of * * * 1902, entitled ‘An act to amend and re-enact Act No. 30, of * * * 1877, Extra Session,’ * * * was approved July 5, 1910, and was promulgated July 11, 1910. It is admitted that Act No. 270 of * * * 1910 was approved July 7, 1910.”
We find the following in the brief of defendant’s counsel, to wit:
“It is admitted by both sides that the statement of facts with reference to the adoption of the ordinance of December 4, 1911, and the execution of the contract thereunder, is true as set forth in plaintiff’s petition. * * * Defendant concedes that its only authority for the adoption of the ordinance of December 4, 1911, and the execution of the proposed contract and the making of the appropriations out of the revenues of the years 1911 to 1930, inclusive, and the issue of the certificates_ of indebtedness to cover the same, is contained in the provisions of Act No. 270 of * * * 1910. Its case, therefore, rests upon the validity of that statute. * * * Our contention is that there existed no necessity for any reference whatever in Act No. 270, approved July 7, 1910, to the act on the same subject-matter, •■approved two days before. We submit that ¡such a reference was unnecessary, for two reasons: (1) Because Act No. 128, not having 'been promulgated at the time of the adoption ■of the subsequent Act No. 270, under the terms -of article 42 of the Constitution, which provides that no act of the Legislature shall take ■effect until its promulgation, and the same, having been abrogated by the passage of the sub■¡sequent act before its promulgation, * * * never had any effect whatever. (2) That, even though Act No. 128 had been promulgated before the adoption of Act No. 270 and had taken • effect as a legislative enactment, it was unmecessary to make reference to it in a subsequent amendatory act, because it was itself ■an act amendatory of Act No. 30 of * * * 1877 (E. S.), as amended by Act No. 32 of 1902, and the mere omission in Act No. 270 of ¡a reference to the last amendatory act has no effect upon its validity.”
[1] 1. In support of the first proposition, the learned counsel cites the case of Gosselin v. Gosselin, 7 Hart. (N. S.) 469, in which Judge Martin, as the organ of the court, held that the Act of 1825, p. 122, § 3, which gave to the district courts jurisdiction of suits for partition, controlled the provisions of the Code of Practice, whereby such jurisdiction was vested in the courts of probate, and in so doing said:
“There cannot be any doubt that an act of the Legislature, the execution of which is postponed, either by a limiting clause or a delay of its promulgation, may be affected by an intermediate declaration of the legislative will modifying or repealing it.”
The facts to which the language thus quoted was applied were that the pro jet of the Code of Practice was reported to the General Assembly of 1824 and an act was passed (Acts of 1824, p. 172) reading in part as follows :
“Sec. 7. That when the said Civil Code shall be printed and received, the promulgation of it shall be made by the Secretary of State, by sending a copy thereof to each of the courts of, and within, this state, of which transmission the date shall be recorded in the office of the Secretary of State, and; one month after said transmission, the said Code shall be deemed promulgated and shall henceforward be in full force throughout this state. * * *”
“Sec. 9. That the Code of Practice, which the Legislature has adopted and passed, this session, under the title ‘Code of Practice in Civil Cases, for the State of Louisiana,’ shall be printed in the same number of copies (2000) and shall be promulgated and distributed at the same time as the said Civil Code.”
Neither of the Codes were included in the published acts of 1824, and they acquired the force of law only when, and where, in 1825, they were sent by the Secretary of State, the Code of Practice going into somewhat doubtful effect on September 1, 1825. Acts of 1825, pp. 128, 130; Mayor et al. v. Ripley et al., 2 La. 345; Skillman v. Leverich et al., 11 La. 517. In the meanwhile the Act of 1825, referred to in the case cited, had become executory. The same thing cannot be said, however, about Act 270 of 1910, as compared with Act 128, since Act 128 was promulgated July 9th, and Act 270 was not promulgated until July 23, 1910, at which time Act 128 had been executory at the capital for 13 days, and it retained the same lead in other parts of the state, so that, *1069 whenever and wherever Act 270 took effect, it found Act 128 already in effect. And that effect was as follows: Act No. 30 of 1877 (E. S.) § 2, provides:
“That no police jury of any parish or municipal corporation in this state shall approve any claim or make any expenditure which shall separately or together with other claims approved or expenditures made, be in excess of the actual revenues of that year.”
Act No. 32 of 1902 is entitled:
“An act to amend and re-enact Act No. 30 of * * * 1877; Extra Session, entitled; * * * to permit police juries and municipal corporations to make contract against future revenues within certain restrictions; to permit police juries and municipalities to issue certificates of payment and to provide the effect to be given to such certificates; and to permit municipalities to borrow money in case of public emergency.”
The context of the act conforms to the title, and the last section repeals all conflicting laws. Act No. 30 of 1877 (E. S.), therefore, ceased to exist, being merged in the act by which it was amended and reenacted. Act 128 of 1910 is entitled :
“An act to. amend and re-enact section 2 of Act No. 32 of * * * 1902, entitled ‘An act to amend and re-enact Act No. 30 of * * * 1877, Extra Session * * *; entitled: “An act * * *’ so as to provide for an extension of the period within which the City of New Orleans may make contracts against future revenues.”
The purpose and effect of Act 128 of 1910 was therefore to absorb and blot out section 2 of Act 32 of 1902, just as that act had absorbed and blotted out the whole of Act No. 30 of 1877 (E. S.).
[2] 2. The second proposition to be considered, then, involves the contention that an act which has lost its identity by reason of its having been absorbed or merged in later legislation is nevertheless susceptible of amendment; but, whatever may be the merits of that contention, considered by itself, it is difficult to see how it can be sustained in this case, since Act 270 of 1910 is entitled “An act to amend and re-enact section 2 of Act No. 30 of * * * 1877, Extra Session, * * * as amended and re-enacted by Act No. 32 of * * * 1902, entitled ‘An act * * * ’; and to permit municipalities having a population * * * ” —there being no reference whether in the title, or in the body of the act, to Act No. 128 of 1910.
[3] And plaintiff has invoked articles 31 and 32 of the Constitution, which provide that “every law * * * shall embrace but one object, and that shall be expressed in •its title,” and that “no law shall be revived or amended by reference to its title, but * * * the act revived, or section amended shall be re-enacted and published at length,” which apply to. the ease, since a title, declaring the object of an act to be to amend and re-enact one statute, can be said to declare such object to be to amend and re-enact another and later statute; and in this case the other statute said to have been amended, without even a reference to its title, has not been re-enacted and published at length. We are therefore of opinion that Act No. 270 of 1910 cannot be so construed as to affect Act No. 128 of 1910, without bringing it in conflict with articles 31 and 32 of the Constitution, and that, unless it be so construed, it is itself without effect.
It is accordingly ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, decreeing the nullity and illegality of the ordinance and proposed contract here attacked and reinstating and perpetuating the injunction herein issued, the defendant, the city of Lafayette, to pay all costs.