(59 South. 1008.)

No. 19,252.

TUREAUD v. CITY OF NEW ORLEANS et al.

(Nov. 4, 1912.   Rehearing Denied Dec. 2, 1912.)

*(Syllabus by Editorial Staff.)*

MUNICIPAL CORPORATIONS (§ 819*)—TORTS—ACTIONS—EVIDENCE—OFFENSES AND QUASI OFFENSES.

Evidence *held* to show that plaintiff was injured at a point where repairs were being made, without negligence, and not at a cave-in in the sidewalk a short distance therefrom.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Estelle Tureaud against the City of New Orleans and another. From a judgment for plaintiff, defendant Sewerage and Water Board appeals. Judgment set aside and suit dismissed.

Walter L. Gleason, of New Orleans, for appellant. I. D. Moore, City Atty., and J. F. C. Waldo, Asst. City Atty., both of New Orleans, for appellee City of New Orleans. Titche & Rogers. of New Orleans, for appellee Tureaud.

PROVOSTY, J. Plaintiff, an old lady 79 years of age, sues the sewerage and water board and the city of New Orleans in damages for injuries sustained by her in a fall upon the sidewalk, as she was attempting to get past what she describes as a hole in the sidewalk, for the presence of which she holds the defendants to have been responsible.

She was returning from church at 9 o'clock on Sunday morning. In going she had walked along the sidewalk on the opposite side, which she had been in the habit of using; but in returning she had found it in bad condition and slippery, owing to rain that had fallen during the service, and she had crossed over to this side. This sidewalk was brick paved and ten feet wide. On the previous day a water connection had been made across it. For that purpose the sewerage and water board had dug a trench two feet wide, and extending from the curb to within two feet of the property line, and, after laying the pipe and installing the meter in this trench, had refilled it, but had not restored the pavement. In the afternoon of the same day a plumber employed by the owner of the premises, Mr. Louque, had made the necessary excavations for connecting with this meter. What these excavations were, or in what condition the place was left by him, the evidence does not show. The employés of the sewerage and water board, in refilling, had properly tamped the earth and raised it slightly above the level of the sides of the trench. Their reason for not restoring the pavement was that refilled earth will settle some, no matter how well it has been tamped, and time has to be allowed for this settlement before laying the pavement; otherwise the pavement has to be taken up and laid a second time.

The employés of the sewerage and water board did this work in the usual way, and

left the place in the condition in which sidewalks are usually, if not always, left when such water connections are made across them; and we do not understand the learned counsel of plaintiff to charge negligence in that connection, but to contend for an entirely different state of facts, namely, that what caused plaintiff's fall was a cave-in in the sidewalk some three feet in diameter and as deep as a man's waist, which had been there long enough for knowledge of its existence to be imputed to the city as matter of law. Such a depression in the sidewalk had existed, caused by a leak in the sewer pipe which runs longitudinally under the sidewalk; but it had been properly repaired several days before the accident to plaintiff. It was in front of premises 2116; whereas plaintiff fell in front of the adjoining premises 2124. Of this the evidence leaves absolutely no room whatever for doubt. Indeed, so abundant is it that to recite it all would be tedious and useless, and the only trouble in adducing enough of it for the purposes of this opinion is the embarras du choix.

Plaintiff herself says that for crossing the "hole" she held onto the fence in front of premises 2124; and her witness Mrs. Surgi says that she saw her hold onto this fence. Now, her witness Mr. Louque, and, in fact, all those who testified on the subject, locate this cave or depression in the sidewalk from four to eight feet within the line of the premises 2116, and therefore beyond the reach of the feet of a person holding onto the fence of property 2124. Mrs. Surgi, in passing the "hole" into which plaintiff fell, did not step or jump over it, but stepped into it and walked across it. Had she stepped into the cave-in in question, she would have gone in up to her neck, as one of the witnesses says. By the testimony and by the records of the sewerage and water board, it is established that the leak in the sewer pipe had been stopped and the cave-in filled up and planked over on the 20th of September, some 12 days before the accident, which was on the 2d of October.

Judgment set aside and suit dismissed.