(61 South. 154.)

No. 19,607.

STATE v. LONG et al.

(Feb. 3, 1913.)

*(Syllabus by the Court.)*

1. STATUTES (§ 135*)—AMENDMENT—VALIDITY OF ACT AMENDED.

Where an act of the Legislature has been declared unconstitutional, the Legislature cannot thereafter give it life by passing an amendment thereto. When the act has been held unconstitutional, it is thereafter nonexistent, and, as an amendment presupposes an act upon which to rest, there being no act, there can be no valid amendment of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 202, 203; Dec. Dig. § 135.*]

2. COURTS (§ 91*)—RULES OF DECISION—PREVIOUS DECISIONS AS PRECEDENTS.

A similar question was decided in State v. Cognevich, 124 La. 414, 50 South. 439. The rules of law should be reasonably uniform. The rule in the cited case should not be different from the rule in the present case; the law in one should be that in the other.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

3. TITLE OF STATUTE—QUESTION NOT DECIDED.

There is no question of title of a statute decided in the present case, nor of a statute having two objects, although this is urged by the defense.

4. AMENDMENT OF VOID STATUTE.

The statute that the Legislature sought to amend was pronounced entirely null and void. State v. Gaster, 45 La. Ann. 636, 12 South. 739.

All considered decisions hold that there must be an existing statute to be amended. Lampkin v. Pike, 115 Ga. 827, 42 S. E. 213, 90 Am. St. Rep. 153.

A nonexisting statute is not susceptible of amendment. Draper v. Falley, 33 Ind. 465.

All attempts to amend a statute pronounced unconstitutional are without effect. Dean v. Spartanburg, 59 S. C. 110, 37 S. E. 226; Howlett v. Cheetham, 17 Wash. 626, 50 Pac. 522; McLaughlin v. Summit Hill Borough, 224 Pa. 425, 73 Atl. 975.

5. AMENDMENT OF VOID STATUTE.

The attempt of the Legislature to revive an inanimate statute by an amendment of the statute was beyond its power.

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chretien, Judge.

Richard Meredith and M. J. Long were convicted of violation of Act No. 156 of 1902. A motion for arrest of judgment was sustained, and the State appeals. Affirmed.

St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty., both of New Orleans, for the State. Adams & Generelly, of New Orleans, for appellees.

BREAUX, C. J. The defendant Meredith, an officer, was called upon to answer to an information filed against him for having violated Act 156 of 1902. The title of the act reads:

"To amend and re-enact section 869 of the Revised Statutes of Louisiana so as to define what constitutes misdemeanor."

The act under which he is prosecuted provides that the "willful failure, refusal or neglect of an officer to perform the duties imposed upon him by law shall constitute a misdemeanor," or if he performs these duties in an unlawful manner he shall be guilty of a misdemeanor.

The act has been declared unconstitutional by the criminal district court. It follows this court has jurisdiction to entertain the appeal.

Defendant was found guilty by the district judge on three counts of the information. There was a motion in arrest of judgment filed. It was sustained.

[1] The main ground of defense presented in the motion in arrest of judgment is that section 869 of the Revised Statutes, which the Legislature sought to amend by the Act No. 156 of 1902, is unconstitutional, and that the statute sought to be amended was not susceptible of amendment. That Act 156 of 1902 failed of its purpose.

The decision of the court declaring the act (section 869) unconstitutional did not limit itself to questions of form. It held further that the Legislature sought to impose a legislative duty upon the courts of determining what acts amounted to a crime; that the attempt to thus impose a legislative duty upon the courts was a fundamental error. State v. Gaster, 45 La. Ann. 636, 12 South. 739.

The decision cited above was notice sufficient to the legislator not to attempt to amend an act so radically null.

[2] The decision in the Gaster Case was rendered years before the attempt was made to amend it by enacting the Act 156 of 1902. The question in regard to the amendment of a statute repealed in part or as a whole has been considered and decided by this court in at least one case. It is especially pertinent; it holds that a repealed statute (repealed in part or as a whole) cannot be amended. State v. Cognevich, 124 La. 414, 50 South. 439.

In State v. Brown, 41 La. Ann. 773, 6 South. 638, it was incidentally said that in amending a statute the intention is to amend an existing statute.

[4, 5] In the pending case, there is no necessity of going to the extent of deciding, as in the Cognevich Case, that a law partially repealed cannot be amended. In the present case, the statute was declared unconstitution-

al; the decision thus declaring the unconstitutionality of the act cited (section 869, R. S.) did not leave a vestige of the act; it was all swept away in sweeping and forcible terms.

The difference between a statute repealed and a statute declared entirely unconstitutional is not very great. But an unconstitutional statute, when so declared, is, if possible, more inanimate and useless than a repealed statute.

The law was unconstitutional; the amendment attacked in this case must fall. It is not possible to graft a live tree on a dead tree; nothing from nothing can arise.

It would be different if an independent statute had been adopted instead of Act 156 of 1902. Standing alone, it would not be dependent upon the unconstitutional statute.

It is stated in the brief filed by the state's counsel that there are a number of decisions in other jurisdictions sustaining the view that a repealed or unconstitutional statute can be amended; that there are a number of decisions in which a contrary view was expressed; but that the correct view was expressed in the first decisions referred to above—those favorable to the legality of the statute.

We have carefully read both of these lines of decisions and have arrived at a different conclusion. The question having been decided, and, as it appears to us, supported by reason as well as by the weight of authority, we are of the opinion that the last decisions referred to are correct—those in which the amending statutes have been, for reasons stated, declared illegal and void.

The question, it must be borne in mind, is not res nova. To the decided case cited above due weight is given. We refer to the Cognevich Case.

There are a number of decisions upon the subject in other jurisdictions, i. e., decisions holding that an unconstitutional law cannot be amended, and that is the full but only extent of this decision.

Among the decisions in other jurisdictions is Cowley v. Rushville, 60 Ind. 327. In the case of State v. Benton, 33 Neb. 823, 51 N. W. 141, the court plainly held that, in attempting to amend an unconstitutional act, the amending law had nothing to rest upon.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.