(65 South. 893)

No. 20475.

STATE v. NELSON.

(March 30, 1914.   On Rehearing, June 29, 1914.)

*(Syllabus by the Court.)*

1. STATUTES (§ 114*)—TITLE AND SUBJECT-MATTER—PRACTICE OF MEDICINE.

The title of Act No. 49 of 1894 recites that it is an act "to regulate the practice of medicine," and to "provide punishment by fine or imprisonment or both," and therefore defendant's contention that the act is unconstitutional because the title of the act is not broad enough to cover a prosecution for practicing medicine without a license is not well founded.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145, 147–149; Dec. Dig. § 114.*]

**2. AMENDATORY STATUTES.**

An act, amending an act which had already been repealed, is absolutely without force as the amendment has no foundation on which to rest.

**3. ACT AMENDATORY OF ACT REGULATING THE PRACTICE OF MEDICINE.**

As section 14 of Act No. 49 of 1894 had been repealed by Act No. 13 of 1898, the attempt to amend section 14 of Act No. 49 of 1894 by the passing of Act No. 244 of 1908 was abortive, and did not have the effect of giving any force to section 14 of Act No. 49 of 1894.

**On Rehearing.**

**4. STATUTES (§§ 114, 135*)—TITLE AND SUBJECT-MATTER—AMENDATORY STATUTE.**

The objection that a statute, purporting to amend and re-enact a section of an existing statute, is inoperative because the section in question has already been amended and re-enacted by, and merged in, another statute, will not be sustained where the title of the amendatory statute not only declares the purpose to amend, but goes farther and specifically and affirmatively declares the object to be accomplished by the amendment. Act No. 244 of 1908 is not therefore obnoxious to the objection that its object is not declared in its title, or to the objection that it is an ineffectual attempt to amend a nonexistent provision of law, since its title gives it a status as independent legislation.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145, 147–149, 202, 203; Dec. Dig. §§ 114, 135.*]

**5. STATUTES (§ 137*)—TITLE AND SUBJECT-MATTER.**

The title of Act No. 16 of 1912 merely declares its object to be to "amend" sections 5, 11, and 14 of Act No. 49 of 1894. The declaration is sufficient as to sections 5 and 11, but insufficient as to section 14, which had previously been amended and re-enacted by Act No. 13 of 1896, and superseded by Act No. 244 of 1908. Another objection, in so far as the section 14 is concerned, is that the title of Act No. 16 of 1912 refers to criminal prosecutions only, whereas the body of the act provides also a civil proceeding by injunction.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 204; Dec. Dig. § 137.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; John B. Halstead, Judge.

W. J. Nelson was charged with practicing medicine without a license, and from an order granting a motion to quash the information, the State appeals. Reversed and remanded on rehearing.

R. G. Pleasant, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (Ernest T. Florance and G. A. Gondran, both of New Orleans, of counsel), for the State. R. B. Dawkins, of Ruston, for appellee.

BREAUX, C. J. The bill of information filed against the defendant charged him with practicing medicine without a license.

The defendant filed a motion to quash the information on the ground: That no provision is contained in the statute to punish those who practice without a license.

That Act of 49 of 1894, amended by Act 244 of 1908, and Act 16 of 1912, under which the information was found, is unconstitutional because the object is not expressed in the title; the title does not set forth the purpose of the act, and the act contains two or more objects.

Furthermore, that Act 244 of 1908 and section 3 of Act 16 of 1912, adopted to amend section 14 of Act 49 of 1894, is unconstitutional as the section 4 of Act of 1908 and section 3 of Act 16 of 1912 were adopted to the end of amending section 14 of Act 49 of 1894. That the section 14 of Act 49 of 1894 had been repealed by Act 13 of 1896, and, as repealed, the Legislature was without power to amend a nonexisting or repealed law.

The first ground of defendant's objection, that no crime is punishable under the different statutes and amendments upon the subject, is included in the other objections, and will be reviewed with these last objections, as the questions are similar and germane.

[1] The first act assailed and the first act in date on the statute books is the act of July 4, 1894. The purpose as expressed in the title was to regulate the practice of medicine; to create a State Board of Medical Examiners; to regulate its fees and emoluments and prevent unauthorized persons from practicing; to provide punishment by

fine or imprisonment or both; and to repeal all conflicting and inconsistent laws upon the subject.

The punishment contained in section 14 of the act of 1894 consists of a fine not less than $50 or more than $100, or imprisonment for a period of not less than 10 or more than 90 days, or both fine and imprisonment.

There is ample provision to punish offenders. The act is not amenable to the objection of failure to provide punishment whatever else may be urged as an objection to the act.

The purpose of Act 13 of 1896 was to amend sections 14 and 19 of 1894. The amendment abolished the provision of the former section 14 of Act 49 of 1894, and substituted civil proceedings in lieu of a penalty as in criminal cases. See upon this subject section 1 of Act 13 of 1896.

Provision was made for issuing a writ of injunction forbidding persons from practicing without a license.

The Board of Examiners were authorized, in the same suit in which an injunction was applied for, to recover fee of attorney, a fine besides the costs of court.

This amending act repealed all conflicting laws.

[2, 3] Defendant's ground at this point is that section 14 of Act 49 of 1894 being repealed by Act 13 of 1896, the repealed statute was not amended by either the statute of 1908 nor that of 1912.

Defendant quotes from State v. Cognevich, 124 La. 414, 50 South. 439, as follows:

"A statute purporting to amend a repealed statute is void."

A statute may be invalid in part and yet enforceable in that part which is valid.

To review the Cognevich Case just cited, viz.:

It will be remembered that in the case from which the excerpt was taken, section 3925, R. S., it was held that the act 153 of 1902 had been repealed; that was the finding of the fact which is now respected as authoritative and which will not for good reason be recalled or overruled. It is now binding, and will thus remain unless in some decision rendered in the future it is declared otherwise.

To explain further in regard to the amendment of section 3925, the Legislature of 1908, Act 92, sought to amend the section of the Revised Statutes before cited, previously repealed, as the majority of the court found. The court decided that this could not be done, as a repealed statute could not be amended. The result was that it is now the settled jurisprudence in this state that a repealed statute (for such was the effect of the prior laws regulating the sale of oysters in the Cognevich Case) could not be amended.

We leave this decision with the remarks that it is of importance and quite pertinent. State v. Cognevich, 124 La. 414, 50 South. 439.

This court, for reasons stated in another decision handed down since, and because of the authoritative pronouncement of the last-cited decision, arrived at a similar conclusion in State v. Long, 132 La. 170, 61 South. 154. See, also, the decision in Mouton v. City of Lafayette, 130 La. 1064, 58 South. 883.

In the last-cited case the court held, in substance, that Act 128 of 1910 abrogated section 2 of Act 32 of 1902 for reason similar that Act 128 of 1910 had obliterated Act 30 of 1877. Ex. Sess.

Taking up these acts in the order of their respective dates, the act of 1877 limited appropriations and expenditures of parish and municipal corporations, it prohibited the issue of warrants by their officers, and permitted police jurors to make certain contracts and prescribed penalties.

The Act 32 of 1902 blotted out Act 30 of 1877.

Act 128 of 1910 had for its purpose to amend and re-enact Act 30 of the General Assembly of 1877, Ex. Sess., entitled "An act to limit appropriations and to re-enact section 32 of the General Assembly of June 19, 1902."

Without going further in considering the texts of these acts, we will state that learned counsel for the state happily express the idea and seized the thought expressed in the following words in the last-cited decision:

"One act provided that a thing could not be done and an amendatory act provided that that thing could be done. A third act, seeking to amend the original act, might have found nothing susceptible of amendment," and adds a law "provides that a certain thing to be done, and that law is amended so as to prohibit that very thing; necessarily the first law is not an existing law, and the third law, seeking to amend the first law, might be held invalid."

Learned counsel state that they find nothing of the kind in the case before us for decision. Although the lawmaking power declared in St. 13 of 1896 in effect prohibited legal prosecution for the act denounced, and the last law, that of 1912, declared that legal prosecution could be had without noticing Act 13 of 1896.

This last act of 1912, seeking to amend Act of 1894, No. 49, had nothing upon which to rest.

The state's position is:

That section 14 of Act 13 of 1896 is a nullity, and for that reason should be passed without giving it effect. The first ground for upholding the state's contention is that the state is not mentioned in the act. True, as stated, this act (see Act 13 of 1896, § 14) does not in words refer to the state of Louisiana, in the sense referred to by counsel. None the less there is reference to it as an act of the Legislature of Louisiana. It was signed by the officers authorized to sign and it was published and has every indicia of a valid act in that respect, and gives date of its approval.

Furthermore the state's contention is that this last act is absolutely meaningless; that it expresses no special purpose as it reads.

Let us see: True, the only direct description is as stated, section 14 of an "act be amended to read as follows." But the title properly refers to the year and section. The title itself is assailed as not sufficient under the Constitution that no effect can be given to a title to the extent for which defendant contends.

Learned counsel for the state quote from a number of well-considered decisions in other jurisdictions.

We will not review them all; we have carefully read them. We will quote from two of these decisions; they are typical of the other cases from which learned counsel have produced excerpts, viz.:

"The cases are numerous enough that an appealed and abolished act cannot be amended"—citing State v. Benton, 33 Neb. 823, 51 N. W. 140.

That an amended act cannot thereafter be further amended under the original title we find no authority holding, and it seems to us that this objection is overruled as to this very act in State v. City, 49 Neb. 332, 68 N. W. 533.

It is urged that the latter case ignored State v. Benton, above cited, but the two are clearly distinct. In State v. Benton, the court was dealing with an attempt to amend a wholly abrogated statute.

In another case it was announced, that which sustains our own jurisprudence:

"It is perfectly clear that that which does not exist cannot be amended." Fletcher v. Prather et al., 102 Cal. 413, 36 Pac. 658, Superior Court of California.

If an entire act or an entire section is wiped out of existence there is nothing to amend.

It is upon that theory that our jurisprudence is based.

To the contrary is the following decision:

"We think that the act was valid although it amended a section of the original act." Wire Co. v. Boyce, 104 Fed. 172, 44 C. C. A. 588.

The conclusion to which this cited decision leads is diametrically opposed to the views expressed in 130 La. 1064, 58 South. 883, before cited, in which the court held, as we read, that, the prior amendment having been repealed, as well as the original act upon the subject-matter mentioned, the last amendment invoked could not be held of any force.

If there has been a complete change of a law or of one section of a law, it cannot be amended, is our jurisprudence.

We conclude with the statement that Act 13 of 1896 was repealed, and that the Legislature had no power to amend it.

Judgment affirmed.

## On Rehearing.

MONROE, C. J. [4] Act No. 13 of 1896 is entitled, and reads, in part, as follows:

"An act to amend and re-enact sections 14 and 19 of an act entitled 'An act to regulate the practice of medicine, and surgery and midwifery; to create State Boards of Medical Examiners, and to regulate the fees and emoluments thereof; to prevent the practice of medicine, surgery and midwifery by unauthorized persons; and to provide for the trial and punishment of violators of * * * this act by fine and imprisonment, or both; and to repeal all laws or parts of laws in conflict with the provisions of this act,' being Act No. 49 of the General Assembly of the state of Louisiana, approved July 4, 1894, and to repeal all parts of said act in conflict herewith, and to provide for the enforcement of said act by penalties and through civil process."

"Section 1. Be it enacted * * * that section 14 of an act entitled, 'An act to regulate [again reciting, in full, the title of Act 49 of 1894, but, omitting the words, "being Act 49 of the General Assembly," etc., which follow] and to repeal all laws or parts of laws in conflict or inconsistent with this act,' be amended and re-enacted so as to read as follows:

" 'Section 14 [Here follows the amended and re-enacted section 14 of act 49 of 1894, which substitutes a proceeding by injunction and an action in damages for the penalty previously prescribed by that section].' "

It is said that the failure of the lawmaker, in the enactment thus mentioned, to identify Act 49 of 1894 by its number and date, as well as by its title, is fatal to the enactment; but we think not; for, although the title of Act 13 of 1896 may not be part of that statute, its function is to declare its object, and it may and must be referred to in determining the object. The fundamental rule governing the construction of statutes is to ascertain and give effect to the intention of the lawmaker, and to that end resort may be had, not only to the language used, but, where the meaning of the language is doubtful, to the object to be attained, to the circumstance connected with the passage of the statute, and to the sense in which it was understood at the time of its passage and thereafter.

We know that the object of the statute under consideration, as declared in its title, was to amend and re-enact sections 14 and 19 of Act 49 of 1894, to repeal all parts of said act in conflict with the amending and re-enacting statute, and to provide for the enforcement of said statute by penalties and through civil process; and the fact that the statute was given a title declaring that object is a circumstance, connected with its passage, which reasonably and sufficiently explains that the language of its section 1, purporting to amend and re-enact section 19 of an act, entitled "An act [giving the title of Act 49 of 1894]" was intended to apply to section 19 of Act 49 of 1894. Moreover, no question having been raised upon the subject, this court has several times held that such was the intention. State ex rel. Fowler v. Judge, 50 La. Ann. 1006, 24 South. 783; Board v. Fowler, 50 La. Ann. 1358, 24 South. 809; State ex rel. Wynne v. Judge, 106 La. 400, 31 South. 14. We conclude, therefore, that section 14 of Act 49 of 1894 became, legally and constitutionally, merged in the amending and re-enacting statute, Act No. 13 of 1896,

and hence in legal contemplation ceased to exist in any other form. It is argued that it nevertheless remained upon the statute book, and that it was competent for the General Assembly to enact an independent statute, upon the same subject, under a title declaring the object to be to amend and re-enact said original but nonexistent section. The argument ignores the existing statute, in which said nonexistent section had been merged, and it is plain that a title declaring the object of an act to be to amend and re-enact section 14 of Act 49 of 1894 conveys no intimation of an intention to amend, re-enact, or repeal section 1 of Act 13 of 1896, and the serious question which presents itself is whether, without any further and affirmative declaration, such a title can be said to declare the object of the act, within the meaning of the Constitution. An act may have been found wholly inadequate and unsatisfactory, and may, for that reason, have been repealed a hundred years ago, and in its stead a system of laws may have been enacted which, having stood the test of experience, has been found to meet all the requirements of the present generation. In such case, if an act be introduced the title of which declares its object to be to amend and re-enact the repealed and obnoxious statute, and the attention of the busy legislators is not called to the fact that it has long been repealed, and that the only real effect of the amending and re-enacting act will be to disturb and bring confusion into an existing and satisfactory system of laws, it is not likely that such act would meet with serious consideration, nor can it be said that those interested in the matter would be properly warned of its character by its title. And so it is held by many of the courts that a repealed or void statute is no longer subject to amendment, though by others it is held that a statute which has been repealed, superseded or declared invalid, will be sustained.

In Massachusetts, and perhaps some other states, it is held that a statute which amends a statute "so as to read as follows," and which covers substantially the entire subject-matter of the amended statute, is, in effect, a substitute for such statute, and not a repeal thereof, and that a statute which, in like manner, again amends this amended statute is not void, as an amendment of a repealed statute, but stands like an independent enactment, in place of the two prior statutes. 36 Cyc. pp. 1055, 1056, and notes. The authorities thus referred to do not satisfactorily dispose of the question whether proper notice is given of the intention to alter or abrogate a satisfactory law, or system of laws, by a title which declares the object of an act to be to alter or abrogate an unsatisfactory law which, because of its inadequacy, has long since been abrogated or repealed.

It has been held by this court that, where the title of an act declares its object to be to amend certain, repealed, provisions of a prior act, in a particular way, and the language of such amending act purports to mend such provisions in some other way, the amending act is broader than its title, and void, to that extent, the inference, perhaps, being that if the amending act had been kept within its title, the repealed act might have been amended, since the object declared in such title was not to amend, but to amend in a particular manner, which was expressed in the title. State v. Cognevich, 124 La. 414, 50 South. 439.

In Mouton v. City of Lafayette, 130 La. 1064, 58 South. 883, the court found that Act 30 of 1877 had been merged in Act 32 of 1902, section 2 of which had, in turn, been merged in Act 128 of 1910, and it was said, with reference to the effect of the still later Act 270 of 1910:

"The second proposition to be considered, then, involves the contention that an act which has lost its identity, by reason of its having been absorbed or merged in later legislation, is never-

theless susceptible of amendment; but, whatever may be the merits of that contention, considered by itself, it is difficult to see how it can be sustained in this case, since Act 270 of 1910 is entitled 'An act to amend and re-enact section 2 of Act No. 30 of * ' * * 1877,' * * * as amended and re-enacted by Act No. 32 of 1902, entitled 'An act * * * and to permit municipalities having a population, * * *' there being no reference, whether in the title or in the body of the act, to Act No. 128 of 1910."

In State v. Long, 132 La. 170, 61 South. 154, it was held that, section 869 of the Revised Statutes having been declared unconstitutional, Act 156 of 1902, purporting to amend and re-enact it, is void, for the reason that the section in question, being nonexistent, the amendatory statute has nothing to operate on.

In making the rulings thus referred to, the attention of the court was not attracted to, nor did the court consider, the possible difference between the case of a statute, the title of which declares its object to be to amend, or to amend and re-enact, a statute which has already been amended and re-enacted, and a case, such as we have here, where the amendatory statute purports to amend several sections of a statute, which, save that two of the sections mentioned have already been amended and re-enacted, has not previously been amended, but stands as originally enacted, and, where the title of such amendatory statute not only declares its object to be to amend the sections designated, but goes farther and declares, specifically and affirmatively, the object intended to be accomplished by the amendment. Act No. 49 of 1894, it will be noted, had not been amended or altered in any respect, at the time of the adoption of Act 244 of 1908, but stood upon the statute book as originally enacted, save that sections 14 and 19 had been amended and re-enacted by Act 13 of 1896. The title of Act 244 of 1908 reads as follows:

"An act to amend and re-enact sections 2, 6, 13, 14, 15, 19 and 20 of an act entitled 'An act to regulate the practice of medicine, surgery, midwifery, to create State Board of Medical Examiners, and to regulate the fees and emoluments thereof; to prevent the practice of medicine, surgery and midwifery by unauthorized persons; and to provide for the trial and punishment of violators of the provisions of this act by fine and imprisonment, or both, and to repeal all laws or parts of laws in conflict or inconsistent with this act,' being act No. 49 of the General Assembly of the state of Louisiana, approved July 4, 1894, and to repeal all acts in conflict herewith; and to provide for the enforcement of said act by penalties and through civil process; to regulate the examinations to be held under this act, and to authorize said boards, in certain cases, to waive said examinations; to authorize said board to grant certain powers to the members thereof; to regulate the expenditures of revenues of said boards and to authorize said boards to cause the permit to practice medicine or midwifery to be revoked in certain cases, and to define the practice of medicine in this state.",

Though it should be conceded that sections 14 and 19 are no longer susceptible of amendment, as parts of the act of 1894, because theretofore merged in the act of 1896, it cannot be denied that the title of the act of 1908, thus above quoted, conveys a distinct idea of the object of that act, nor can it be denied that the act has something to operate on, since, save for the amendment and re-enactment of sections 14 and 19, the act which it purports to amend stands as it did when first enacted. If, now, we eliminate from the title of the act of 1908 all reference to sections 14 and 19 of the act of 1894, we still have a title reading:

"An act to amend and re-enact sections 2, 6, 3, * * * 15 * * * and 20 of an act entitled: 'An act [giving the title of the act of 1894, in full, together with the number and date of approval]' and to provide for the enforcement of said act by penalties and through civil process; to regulate the examinations to be held under this act, and to authorize said boards, in certain cases, to waive said examinations; to authorize said board to grant certain powers to the members thereof; to regulate the expenditures of revenues of said boards and to authorize said boards to cause the permit to practice medicine or midwifery to be revoked in certain cases, and to define the practice of medicine in this state."

Which title (including the title of the amended "act to regulate the practice of medicine; * * * create state board," etc.) covers all the legislation found in the body of

the act to which it is prefixed. We, therefore, conclude that Act 244 of 1908 is competent legislation.

[5] Act No. 16 of 1912, at which, also, defendant's motion to quash was directed, bears a title which reads as follows:

"An act to amend sections 5, 11, and 14 of Act 49 of the session of 1894, entitled: 'An act to regulate the practice of medicine, surgery and midwifery; to create State Boards of Medical Examiners, and to regulate the fees and emoluments thereof; to prevent the practice of medicine, surgery and midwifery by unauthorized persons; and to provide for the trial and punishment of violators of the provisions of this act by fine or imprisonment, or both; and to repeal all laws or parts of laws in conflict with the provisions of this act."

It will be observed that the title thus quoted goes no farther than to declare that the object of the act to which it is prefixed is to "amend" sections 5, 11 and 14 of the act of 1894; there being no intimation of a purpose to re-enact the sections mentioned, and no declaration of any specific object in amending them.

In so far as sections 5 and 11 are concerned, the objection that the object of the act is not expressed in the title falls within a rule which is well established in the jurisprudence of this court, to the effect that the title of an amendatory act which recites the title of the act to be amended sufficiently expresses the object of such amendatory act. State v. Land, 131 La. 613, 59 South. 1007, and authorities there cited. In so far, however, as section 14 of the act of 1894 is concerned, we are of opinion that, in view of its having been merged in Act 13 of 1896, and superseded by Act 244 of 1908, it is beyond mere amendment, and that its revival or reenactment can be effected only by a statute, the title of which expresses that object, or by an independent statute, such as Act 244 of 1908, the title of which contains a sufficient declaration of its object. A further objection to the act of 1912, in so far as it is supposed to affect the section 14 in question, is

that the context provides a civil remedy, by injunction, whereas, according to the title, the remedy to be provided is "fine or imprisonment, or both."

It is now ordered, therefore, that the judgment appealed from be avoided and set aside, that the motion to quash the bill of information be overruled, and that the case be remanded, to be proceeded with according to