(63 South. 166.)

No. 19,982.

STATE v. HARWICK.

(June 30, 1913.)

*(Syllabus by the Court.)*

1. STATUTES (§ 107*)—SUBJECTS—MORE THAN ONE OBJECT.

The Legislature may in a statute denounce an act as crime, and also denounce as a crime in the same statute the attempt to commit the act, without rendering the statute unconstitu-

133 LA.—18

tional as embracing two objects, because the attempt to commit the act is germane to the act

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 121–134; Dec. Dig. § 107.*]

2. CRIMINAL LAW (§ 27*)—FELONY—PUNISHMENT.

Where the Legislature denounces an act as a felony, there is nothing in the Constitution that requires it to fix the punishment in the penitentiary in order to create a felony. The Legislature has the power to determine the punishment for an act which it has denounced as a felony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. § 27.*]

*(Additional Syllabus by Editorial Staff.)*

3. CRIMINAL LAW (§ 44*)—"ATTEMPT."

An "attempt" to commit a crime is an act done with intent to commit a crime, and is a crime.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 51; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 1, pp. 622–627.]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Mathew Harwick was indicted for a felonious assault and from a judgment of acquittal, the State appeals. Reversed.

R. G. Pleasant, Atty. Gen., and F. M. Odom, Dist. Atty., of Bastrop (G. A. Gondran, of Donaldsonville, of counsel), for the State. Henry D. Briggs, of Monroe, for appellee.

BREAUX, C. J. The judge of the district court decided that Act 116 of 1912 is unconstitutional, for the reason that it embraces two objects, while, as he states, the title embraces one. Furthermore, that the act is null, because it does not denounce the offense as necessarily punishable at hard labor, and for that reason that it is not a felony.

Defendant does not urge objection to the title. The title relates to a felony by injuring or disfiguring or attempting to injure or disfigure any person with scalding hot water, carbolic acid, vitriol, nitric acid, nitrate of silver, or any other corrosive acid or caustic substance, and prescribing penalties therefor.

The contention of defendant is that the act has a dual object, although the title has only one object.

We note that in the first section of the statute an act is denounced as criminal, and the penalty is fixed. In the second section the *attempt* to commit the act described in the first section is denounced, with a penalty. In the first section of the statute denouncing the act the penalty is fixed at not over five years. In the second section of the statute for attempting to commit the act the maximum penalty is not over two years. In both sections the act and the attempt are classed as felonies.

[1] The title of the act embraces both the offense and the attempt to commit the act.

If the act is unconstitutional, the title is subject to the same objection, for it, from the standpoint of the defendant, relates to two objects; that is, if, as is the contention of defendant, the text of the act denounces two offenses so does the title.

But we are of opinion that the title is complete enough, and we think that the act is not amenable to the defense urged.

The title cannot be approved, and the text of the act condemned. One is as dual as the other, if there be duality at all. The object of both is to punish whoever commits the act or whoever attempts to commit the act.

It is possible to denounce the committing of an act or the attempt to commit an act in two separate sections of the same statute.

In Act No. 24 of 1878 several crimes are denounced, and yet that act seems to have stood the test of time, the only difference between it and the present is the different crimes—crimes different in nature—are denounced in one section; i. e., the crimes denounced are not germane one to the other.

If different acts not germane can be denounced in one section, acts of the same class and entirely cognate to each other, as in the present acts, can be denounced in two sections.

The inclination is to interpret the Constitution on this subject with some degree of liberality, and to a reasonable extent avoid adding further perplexity and difficulty to the functions of the legislator.

As relates to construction:

In Gabbert v. Railroad Co., 11 Ind. 365, 71 Am. Dec. 358, under a similar article requiring the law to contain one object and matters properly connected therewith, it was held that the act was not objectionable, although it had somewhat that appearance "and matter properly connected therewith has an appearance of broadening the article of the Constitution."

In the case before us for decision the second section of the act denounces the attempt, and it is, as we think, properly connected with the first section of the act, even without the words "matter properly connected therewith."

In Mr. Cooley's Constitutional Limitations (7th Ed.) in a note on page 208, it is stated that a similar decision was rendered in New York, whose Constitution omits the words "and matter properly connected therewith" and only has the words "an act shall not have two objects."

The commentator adds that the words "and matter properly connected therewith" add nothing to the text. In other words, it has the same meaning without those words; yet, as we have stated, in New York the construction is liberal, and the crimes of the same generic class can be denounced with one act.

[3] To define the word of the second section, "attempt": It is an act done with intent to commit a crime. It is a crime. And one who has been indicted for a felony may, if the evidence warrants, be found guilty of the attempt, provided that it, too, is denounced as a felony.

Evidently the legislator intended that the person indicted might be found guilty of the less crime in case not found guilty of the greater crime.

The strongest argument in support of the defense is that the crimes charged are separate and distinct. This is error; they are not separate and distinct. There is no attempt made to embrace in one statute crimes of an entirely different nature; but they are acts entirely germane to each other.

There is unity in object.

It is described in separate sections it is true, still it is one object. The object is to protect and safeguard human life by legislating against the commission of the act denounced or against the attempt to commit the act.

The next ground of defense is that the act in question is null, because it is not possible to make the defense a felony, and at the same time leave it to the discretion of the trial judge whether the accused shall be condemned to serve in the penitentiary or to imprisonment.

[2] It is further urged by the defendant that in Louisiana a felony is a crime punishable by sentence to the penitentiary necessarily; that, if it be punishable with or without hard labor, it is not a felony. The discretion vested in the trial judge destroys the purpose. There is no such law in Louisiana. There are two decisions that have bearing: State v. Eubanks, 114 La. 430, 38 South. 407; State v. Dalcourt, 112 La. 420, 36 South. 479. In the former case this court held that the term "felony" does not appear in the Constitution. There is no limitation whatever in the Constitution upon that subject. The Legislature had the power to denounce the act as a crime, or to denounce the attempt as it has and fix the penalty as it has. As fixed it is binding upon the courts.

To conclude, we will quote from the second edition of Lewis' Sutherland, Statutory Construction, vol. 1, p. 199.

The commentator has it:

"None of the provisions of a statute will be held unconstitutional when they all relate, directly or indirectly, to the same subject, have a natural connection, and are not foreign to the subject expressed in the title. As very frequently expressed by the courts, any provisions that are *germane* to the subject expressed in the title may properly be included in the act."

This text is supported by a number of decisions cited.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.

It is ordered, adjudged, and decreed that the case be remanded to the district court, and proceeded with according to law.