LAND, J.
Defendant and appellant was convicted and sentenced for procuring and causing an abortion and premature delivery.
The defendant was charged and prosecuted under the provisions of Act No. 24, p. 18, of 1S88, the title and first section of which read as follows:
*747 “No. 24.
“An act to amend and re-enact section 807 of the Revised Statutes of 1870, relative to attempt to procure premature delivery or abortion.
“Section 1. Be it enacted * * * that section 807 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows: Whoever shall feloniously administer, or cause to be administered, any drug, potion, or any other thing, to any woman for the purpose of procuring a premature delivery, and whoever shall administer, or cause to be administered, to any woman pregnant with child, any drug, potion, or any other thing, for the purpose of procuring abortion or a premature delivery, or whoever by any means whatsoever shall feloniously procure abortion or premature delivery, shall be imprisoned at hard labor for not less than one nor more than ten years.”
The words which we have italicized represent the amendment to section 807.'
Defendant was charged with feloniously procuring and causing abortion and premature delivery by the use of a metal instrument.
Defendant moved to quash the information on the ground that Act 24 of 1888 is unconstitutional, because the object of the act is not expressed in its title, and because the act contains two objects.
[1] The title of the act purports to amend and re-enact section 807 of the Revised Statutes of 1870. The words “relative to,” etc., refer to the section, and not to the act, and were copied from a marginal note in the edition of the Revised Statutes of 1870. The title is complete without those words of description, and they are mere surplusage.
In State v. Brown, 41 La. Ann. 771, 6 South. 638, the court held that “An act to amend and re-enact section 910 of the Revised Statutes of 1870” was a sufficient expression of the object of the act within constitutional requirements, citing Arnoult v. City of New Orleans, 11 La. Ann. 56, and State ex rel. Barrar v. Garrett, 29 La. Ann. 637.
This doctrine is too well settled to require the citation of other cases.
[2] 2. “Abortion at the common law was one of the leading offenses against population,” but now nearly all the indictments are upon statutes. Bishop’s Crim. Law, § 509. The same writer further says:
“Where the law makes abortion, punishable, a man who attempts it upon a woman, and fails, thereby creates the same alarm, the same disturbance to the peaceful order of society, in every view the same harm to the public, whether the failure was caused by his instrument or drug being imperfect, contrary to his belief,” or from other cause. Id. § 741.
And in another work Mr. Bishop says:
“A person indicted under a statute for administering a drug, or doing some other like dct, with the intent to procure an abortion, may be convicted, not alone when the proofs show an unsuccessful attempt, but equally when they show the attempt made successfully; that is, show an abortion actually committed.” Bishop on Stat. Crimes, § 748.
Section 807 does not use the word “attempt,” but penalizes the felonious administration of any drug, potion, or anything to any woman, for the purpose of procuring abortion or a premature delivery, and prescribes only one penalty.
Hence section 807 makes no distinction between the attempt and the actual procurement of abortion or premature delivery. The section was, however, by its terms restricted to the internal application of drugs, potions, or like things, for the purpose of procuring abortion. Act No. 24 of 1888 sought to enlarge the scope of the section by interpolating the following clause:
“Or whoever by any means whatsoever shall feloniously procure abortion or premature delivery.”
The section and amendatory act are on the same subject-matter; that is, abortion and premature delivery. And there has been no attempt to embrace in the statute crimes of an entirely different nature. The offenses charged in Act 24 of 1888 are germane to *749 the subject of the act; that is, abortion ancl premature delivery.
In the late cáse of State v. Harwick, 133 La. 545, 63 South. 166, this court, as indicated in the syllabus, held:
“The Legislature may in a statute denounce an act as a crime, and also denounce as a crime in the same statute the attempt to commit the act, without rendering the statute unconstitutional as embracing two objects.”
In an attempt, the act falls short of the thing intended. Bishop, Crim. Law, § 72S. Section 807 of the Revised Statutes has no such limitation, and applies not only to attempts, but to the actual procurement of abortion or premature delivery. The amendatory act of 1888 denounces the commission of the same offense by any other means.
It sutfiees that the subject of an act be stated in general terms, and in order to facilitate legislation a very liberal construction should be given to all matters which are pertinent or germane to the subject of the enactment. Board of Medical Examiners v. Fowler, 50 La. Ann. 1370, 24 South. 809.
Judgment affirmed.
See dissenting opinion of PROVOSTY, J., 67 South. 817.