McCALEB, Justice.
Defendant was indicted for issuing a worthless check for $75 in violation of the provisions of R.S. 14:71, as amended by Act 156 of 1956. After the jury had been empanelled at his trial, he moved to quash the indictment. This motion was overruled as being filed too late for consideration and, thereupon, the trial proceeded, the jury finding defendant guilty of “Unauthorized use of movables”, a lesser offense denounced by Section 68 of the Criminal Code (R.S. 14:68). Prior to sentence, defendant filed a motion in arrest of judgment in which he assailed the constitutionality of Act 156 of 1956 on the ground that its provisions were broader than its title, in that the title indicated that the Act relates solely to the penalty for passing worthless checks of $100 or more whereas its body also provided a penalty for the issuing of worthless checks of less than $100.
The judge sustained the motion in arrest of judgment, holding the amendatory act of 1956 unconstitutional insofar as it purported to change the prior law as to the issuance of worthless checks in amounts less than $100. The State has appealed from the adverse decision.
Issuing worthless checks with intent to defraud is denounced as a crime by Article 71 of our Criminal Code (Act 43 of 1942) and was incorporated in the Revised Statutes of 1950 as R.S. 14:71. The penalty set forth in the original statute is a fine of not more than $1,000 or imprisonment for not more than one year, or both. By Act 433 of 1952, R.S. 14:71 was amended and re-enacted so as to increase the penalty of imprisonment to not more than two years. And, by Act 442 of 1954, the Legislature again changed the penalty by providing that, when the worthless check was issued in an amount of $100 or more, the offender shall be imprisoned, without hard labor, for not more than ten years and that, when the amount of the check is less than $100, the penalty shall be imprisonment for not more than two years with or without hard labor.
In order to correct this obvious inequity of penalty[1], the Legislature enacted the present law under which defendant was indicted, Act 156 of 1956, regrading the punishment to be given for issuing worthless checks as follows: Imprisonment with or without hard labor, for not more than five years when the check is $100 or more; a fine of not more than $300 or imprison *977 ment, with or without hard labor, for not more than two years, or both, when the check is less than $100 and more than $20; and a fine of not more than $100 or imprisonment for not more than six months, or both, when the amount of the check is $20 or less.
However, whereas the titles to Acts 433 of 1952 and 442 of 1954 simply stated that they were acts to amend and re-enact Section 71 of Title 14 of the Revised Statutes of 1950 relative to issuing worthless checks, the title to Act 156 of 1956 reads “To amend and re-enact Section 71 of Title 14 of the Louisiana Revised Statutes of 1950, relative to the penalty for the crime of issuing worthless checks when the amount of the check is one hundred dollars or more”. (Italics ours.)
It is the contention of defendant, which was upheld by the trial judge, that, since the body of Act 156 of 1956 re-fixes the penalty for issuing worthless checks when the amount of the check is less than $100, the Act is violative of Section 16 of Article 3 of the Constitution as its title indicates that R.S. 14:71 is being amended solely with respect to the penalty for issuing worthless checks for $100 or more.
We do not think that defendant’s claim is tenable and hold that the judge erred in sustaining the motion in arrest of judgment. At the outset, it is to be observed that it is well settled in this State that, whenever a law or article or section of a code of laws or revised statutes is amended, its title satisfies the requirements of Section 16 of Article 3 of the Constitution by merely stating that it is an act to amend and re-enact the particular law or section of the code of laws amended, as such a title clearly indicates the object of the Act. State v. Brown, 41 La.Ann. 771, 6 So. 638; State ex rel. Mouton v. Judge, 49 La.Ann. 1535, 22 So. 761; State v. Bazile, 50 La.Ann. 21, 23 So. 8; State v. Land, 131 La. 611, 59 So. 1007 and Chronos Land Co. v. Crichton, 150 La. 963, 91 So. 408.
Hence, it is manifest that, if the title of Act 156 of 1956 simply stated that it is an act to amend and re-enact Section 71 of Title 14 of the Revised Statutes, such title would be sufficiently indicative to cover any germane matter which might be the subject of the amendment. How, then, does the presence of the additional clause in the title “ * * * relative * * * to the crime of issuing worthless checks when the amount of the check is one hundred dollars or more” render the Act violative of the constitutional requirement that every statute “shall embrace but one object, and shall have a title indicative of its object”?
Counsel -for defendant assert that this clause is misleading as it does not indicate that the contents of the body of the Act will contain provisions dealing with the penalty of worthless checks issued for less than $100.
Counsel are mistaken in their interpretation of the relation of the descriptive clause to the amendatory act. The language of this clause in the title beginning “relative to”, as found in State v. Mauvezin, 136 La. 746, 67 So. 816, refers to *979 the section of the Revised Statutes to be amended and not to the amendatory act. See also Police Jury of Caddo Parish v. Mayor, etc. of Shreveport, 137 La. 1032, 69 So. 828. In the Mauvezin case, which dealt with an identical situation, the court held that the title of an act is complete when it states that its purpose is to amend and re-enact a law and that additional language describing the act to be amended is to be disregarded as surplusage.
Unquestionably, the additional descriptive clause contained in the title of Act 156 of 1956 does not accurately portray the nature of R.S. 14:71, as the provisions of that statute do not solely pertain to the penalty for the crime of issuing worthless checks for $100 or more, but define the crime of passing worthless checks and prescribe the penalties which may be imposed for its violation. However, in this respect, the case at bar is no different from State v. Mauvezin, supra, where the title of the amendatory statute (Act 24 of 1888), after stating that it was an act to amend and re-enact Section 807 of the Revised Statutes of 1870, erroneously declared that Section 807 related to an attempt to procure premature delivery or abortion when, actually, the statute made punishable the administration of any drug, etc., for the purpose of procuring an abortion, whether the attempt was successful or not. That case controls this one. Cf. State v. Boylston, 138 La. 21, 69 So. 860 and State v. Cognevich, 124 La. 414, 50 So. 439.
Furthermore, were we to view the descriptive clause contained in the title of Act 156 of 1956 in the manner contended for by counsel for defendant (i. e., that it relates to the body of the amendatory act and not to the section of the Revised Statutes being amended) and that, therefore, the amendatory act was partially unconstitutional insofar as the penalties pertaining to the issuing of worthless checks of less than $100 were concerned, the motion in arrest of judgment would still be untenable. In such a situation, the invalidity of the penalty provision in Act 156 of 1956 would not affect the legality of the indictment in any particular for — if only the penalty provided by that statute is invalid— the penalty applicable prior to the amendment of the statute would be still in effect. It is the jurisprudence of this Court and the courts of other jurisdictions that an unconstitutional provision “ * * * which would have invalidated a statute or an ordinance had it been contained therein originally does not have the same effect when added by an amendment years later, notwithstanding that on the adoption of the amendment the original legislation is reenacted at length. The unconstitutional amending statute or ordinance is in reality no law, and in legal contemplation is as inoperative as if it had never been passed.” See City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798, 802, and the many authorities there cited.
*981 Indeed, it may be pertinent to remark that defendant in the instant case can hardly complain as to the unconstitutionality of the provision of the amendatory statute respecting the penalty for passing worthless checks of less than $100 as he has not been convicted of that offense but only of the lesser crime of unauthorized use of movables.
The judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings consistent with the views herein expressed.

. The penalty in Act 442 of 1954, as . stated, is imprisonment without hard labor when the worthless check was more than $100 but with or without hard labor, a felony, when the check is less than $100.