Dear Ms. Greco:
As counsel for Dough Welborn, Clerk of Court for the Parish of East Baton Rouge, you have requested an Attorney General's opinion on an election matter. Your letter states:
 In State v. Schirmer, 93-2631 (La. 11/30/94), 646 So.2d 890, rehearing denied, certiorari denied 116 S.Ct. 472, 133 L.Ed.2d 402, the Louisiana Supreme Court held R.S. 18:1462(A)(2), (3) and (4) to be unconstitutional. Using the Burson modified strict scrutiny analysis, the Court found a compelling state interest in protecting citizens' right to vote by preventing voter intimidation and election fraud, and that some restricted zone was necessary to further that interest, but further found the 600' restriction of all political activity to be a significant impingement upon First Amendment rights, and therefore concluded that subsections (3) and (4) were constitutionally overbroad. The court held subsection (2), lacking any guidelines regarding when it is proper to instruct a person to leave the polling site, to be unconstitutionally vague.
 In 1995 the legislature re-enacted R.S. 18:1462, with the only change being the addition of a prefatory explanation of the State's compelling interest in establishing the 600' zone. No change was made in the 600' restriction of all political activity in subsection (3) and (4), nor were any guidelines added to subsection (2). Thus the bases of the Schirmer holding remain undisturbed in the statute.
 The Secretary of State's informational pamphlet for election commissioners currently presents the prohibitions of R.S. 18:1462 as valid and enforceable, and the Secretary's office has advised the Clerk's office that it considers the re-enactment to have restored the effectiveness of the statute.
 However, since the re-enactment removed none of the constitutional defects found by the Schirmer court, but only added an explanation of the state's compelling interest (which interest the Schirmer court already recognized), it does not appear that the amendment had the intended effect, or that the statute has been rehabilitated to constitutional status.
 Please advise me of your opinion as to the present enforceability of R.S. 18:1462 (2), (3) and (4) at your earliest convenience.
In 1993, the United States Court of Appeals, Fifth Circuit,Schirmer v. Edwards, 2 F.3d 117, affirmed the district court's decision which found R.S. 18:1462 constitutional:
 We find that: (i) Louisiana has a compelling interest in maintaining campaign-free zones on election day; (ii) the statute is narrowly tailored to achieve that compelling interest; (iii) the statute is not substantially overbroad; and (iv) we need not address the void-for-vagueness argument.
This case originated in the federal court system, seeking a declaratory judgment and injunctive relief against the application of the 600-foot campaign-free zone around polling places in Louisiana. The district court conducted a two-day trial to determine the constitutionality of R.S. 18:1462. The first issue considered by the Court was whether Louisiana has a compelling interest in maintaining a campaign-free zone around its polls during elections. The Fifth Circuit concluded "[t]hat Louisiana undoubtedly has a compelling interest to protect its citizens' right to vote." Id. at 121. The next issue was whether the 600-foot limitation in the statute was narrowly tailored to protect Louisiana's compelling interest. The Court found "[t]hat Section 1462's geographic limitation is narrowly tailored to achieve a compelling governmental interest" due to the fact that the state tried to utilize a 300-foot zone which failed to remedy the poll worker problem and therefore, the state took the next step to 600 feet. Id. at 122. The third issue was whether section 1462 was substantially overbroad and the Court found it was not:
 In fact, the total ban in the present context is the most defensible position. The state has a compelling interest in protecting its voters and the proffered reasons given by the legislature demonstrate a reasonable compromise to the problems that necessitated the campaign-free zone in the beginning.
Id. at 123. The last issue was whether section 1462 should be void for vagueness due to the discriminatory enforcement and failure to provide fair notice. "The district court found that this issue would be better suited as a defense to a criminal prosecution." Id. at 124. "`[T]hese arguments are `as applied' challenges that should be made by an individual prosecuted for such conduct.'" Id. [quoting Burson]. The Court found that "[t]he appellants do not appear to be in a position to assert this argument at this time." Id. The Court concluded:
 Louisiana has a compelling interest in establishing a campaign-free zone. The 600-foot limitation is narrowly drawn and not an excessive infringement on the First Amendment. Thus, the geographical limitation survives strict scrutiny. Moreover, the statute creates a total ban on politicking within the zone. The need for a total ban is compelling and Section 1462 is not overbroad. Legislatures must necessarily compromise between two competing First Amendment interests in creating a campaign-free zone. Louisiana's zone has evolved over time and at present represents a constitutional compromise. Further, the appellants' void for vagueness argument is better left to another day. Therefore, the judgment of the district court is AFFIRMED.
Certiorari was denied in this case by the United States Supreme Court, Recall 92, Inc. v. Edwards, 511 U.S. 1017, 114 S.Ct. 1396,128 L.Ed.2d 70, 62 U.S.L.W. 3657 (U.S. Apr. 04, 1994) (NO. 93-1062).
In 1994, the Louisiana Supreme Court decided State v. Schirmer, 93-2631 (La. 11/30/94), 646 So.2d 890, which resulted from the criminal prosecution of Schirmer for violating R.S. 18:1462(A) on election day. The trial court declared the statute unconstitutional and quashed the bill of information. The majority of the Supreme Court decided this case on federal constitutional grounds differently than that of the United States Fifth Circuit, and a few judges dissented from the majority. In striking R.S. 18:1462(A)(3) and (4), the Louisiana Supreme Court stated:
 The constitutional problem with LSA-R.S. 18:1462(A)(3) and (4), as construed by this Court in our response to the Fifth Circuit's certified question, is not that their effect reaches as far as 600 feet from polling places. Nor are these subsections invalid solely because they impose a prophylactic ban upon all political speech; . . . Rather, today we hold only that when both of these aspects of the challenged provisions operate in tandem, extending a total ban on political speech to a distance of 600 feet from polling places, the resulting limitation of free speech at that point overburdens or `significantly impinges' First Amendment freedoms.
Id. at 902. Additionally, the Court found R.S. 18:1462(A)(2) "[a]s currently written, unconstitutionally vague insofar as it fails to set forth adequate guidelines governing when and under what circumstances the provision is to be enforced." Id. at 903.
After this decision by the Louisiana Supreme Court, which in many respects conflicts with the United States Fifth Circuit decision, both decided on federal constitutional grounds, the Louisiana Legislature of 1995 amended and reenacted R.S. 18:1462(A), which includes subsections (1), (2), (3) and (4).
The 1974 Louisiana Constitution, Art. III, Section 15(B) provides, "A bill enacting, amending, or reviving a law shall set forth completely the provisions of the law enacted, amended, or revived. No system or code of laws shall be adopted by general reference to it." Case law interprets this provision of the Constitution to mean, "There is no constitutional objection to the right of the Legislature to amend and re-enact a statute which has been declared unconstitutional." State v. Walters, 66 So. 364
(La. 1914), Police Jury of Caddo Parish v. Mayor and City Councilof Shreveport, 69 So. 828 (La. 1915).
The legislature followed the proper procedure in amending and reenacting R.S. 18:1462(A) in its entirety by way of Act 300 of 1995. The question thus is whether this new version, which admittedly is unchanged except for the purpose statement, is constitutional. Generally, every law passed by the legislature is presumed constitutional. Polk v. Edwards, 626 So.2d 1128 (La. 1993). To our knowledge, R.S. 18:1462(A) as amended and reenacted by Act 300 of 1995 has not been challenged under the constitution. Judicial self-restraint is required in constitutional challenges.
 We do not lightly consider constitutional challenges to enactments by the Louisiana Legislature. For some time, we have approached such review by initially affording the legislation some measure of deference when faced with attack. We have facilitated this by allowing questionable legislative acts a presumption of constitutionality, which may be turned back by a plaintiff's showing of specific constitutional infirmities.
Brown v. State, Department of Public Safety Corrections, 96-2204 (La. 10/15/96), 680 So.2d 1179, 1180.
Likewise, we defer to the long standing presumption of constitutionality of legislative enactments and opine that R.S.18:1462(A) as amended and reenacted by Act 300 of 1995 is valid and enforceable, unless and until it is challenged and declared unconstitutional by a court of proper jurisdiction.
We hope that this opinion addresses all of your concerns in this matter. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL
Cc: Hon. W. Fox McKeithen Hon. Suzanne H. Terrell
Leu Anne Lester Greco Greco Greco A Law Corporation 522 Europe Street Baton Rouge, LA 70802
DATE RECEIVED: JANUARY 28, 2000 DATE RELEASED: March 1, 2000
ANGIE ROGERS LAPLACE Assistant Attorney General